# THE MICHIGAN NISI PRIUS.

## JULY, 1871.

### PATRICK DUHIG *vs.* NELSON LIPSCOMB.

To give the Circuit Court jurisdiction in case of appeal from a Justice of the Peace, there must have been a *final judgment* rendered by such Justice of the Peace.

An order by the Justice "that plaintiff retain the property by paying the charges on them and that defendant pay the costs of suit," is not a *final judgment*.

*Iosco Circuit, June,* 1871.

*W. T. Cummings* and *Taylor & Wheeler*, for Appellee.

*John Hurst*, for Appellant.

Motion by appellee to dismiss appeal.

*By the Court*, GRIER. J.—This cause was appealed by defendant from a Justice of the Peace. The action was replevin for a stove and other personal property. The plea, so far as can be ascertained, from the return, set up a lien upon the property claimed, for the amount of freight earned in carrying the property, and for the warehouse charges.

The only judgment rendered by the Justice, was as follows:

"After hearing the evidence in the above cause, it is ordered by the Justice, that the plaintiff retain the stove and stove pipe by paying the charges on them, and defendant pays the cost of the suit taxed at three dollars and ten cents."

We may infer that the Justice intended to find that the defend-

ant had a lien upon the goods, but he has not found the amount of the lien.

No order or adjudication of a Court can be said to be a *final* judgment if it leaves anything necessary to the execution of the judgment unascertained.

The order in this case is conditional.

The plaintiff may retain the property by paying the charges on it. But how much are the charges on it? The amount of the charges the judgment does not fix in terms, nor give any standard by which they can be ascertained. A disputed point remains unsettled.

A Justice's Court has no power or process to enforce or execute such a judgment.

Again, if the defendant had a lien for his charges, he does not unlawfully detain the property, and the judgment could not lawfully be for the plaintiff, neither could the defendant be required to pay the costs.

The judgment should have been in form for the defendant for the amount of his lien and costs. But instead of this the Justice makes a *decree* entirely inconsistent with itself, that the plaintiff retain the property by paying the charges on them, and the defendant pay the costs, whether his charges be paid or not.

In other words, he finds in substance that the writ was wrongfully sued out, that defendant was lawfully justified in retaining possession of the property, but that he should be mulcted in costs for setting up a legal defence.

This is not a mere erroneous judgment, but it is no judgment.— It is only where *final judgment* has been rendered that a cause can be appealed, and without such judgment the Circuit Court does not obtain jurisdiction.

The appeal must be dismissed with costs.